Berry-Mayes v New York City Health & Hosps. Corp. (2021 NY Slip Op 05285)





Berry-Mayes v New York City Health & Hosps. Corp.


2021 NY Slip Op 05285


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Index No. 21681/17E Appeal No. 14264 Case No. 2020-03686 

[*1]Wanna Berry-Mayes, as Administrator of the Estate of Andre Berry, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, Defendant-Respondent.


Eisenberg & Baum, LLP, New York (Andrew Rozynski of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Claude S. Platton of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered July 22, 2020, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff claims that the decedent, who was deaf or hearing impaired and suffered from multiple serious conditions, was discriminated against during his treatment at Lincoln Medical Center and Jacobi Hospital, in violation of the New York City Human Rights Law (HRL), because an American Sign Language (ASL) interpreter was not present during certain medical interactions, including the presentation of informed consent forms.
The record demonstrates as a matter of law that defendant met its obligation to provide reasonable accommodation to the needs of the disabled decedent (Administrative Code of City of NY §§ 8-107[4][1][a]; [15][a]) (see Porter v City of New York, 128 AD3d 448 [1st Dept 2015]). The hospitals had established policies and procedures in place to communicate with the hearing impaired, the decedent was regularly provided with ASL interpreters or other hearing aids during his treatment, and at times declined their services in favor of reading lips or other ways of communicating. There is no evidence that the decedent, or any person on his behalf, ever filed a complaint about his treatment, that a request for an interpreter was ever denied, or that the decedent did not understand the treatment being rendered.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021